United States District Court
Southern District of Texas
**ENTERED**
March 04, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SANTIAGO ALEJANDRO DIAZ-ESPARZA | § § § § | |
| Petitioner, | § § | CIVIL ACTION NO. 7:18-CV-0368 |
| VS. | § § | |
| KIRSTJEN NIELSEN, *et al.* | § § § | |
| Respondents. | | |

## REPORT AND RECOMMENDATION

Before the Court is Petitioner Santiago Alejandro Diaz-Esparza's Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. The government has responded with a motion to dismiss, arguing that the Court lacks jurisdiction. Petitioner has filed a reply.

This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636. After careful review of the record and applicable law, the undersigned recommends that the government's motion to dismiss (Dkt. No. 16) be **GRANTED** and its prior motion to dismiss be **DENIED** as moot (Dkt. No. 9). It is further recommended that the Amended Petition for Writ of Habeas Corpus (Dkt. No. 15) be **DENIED**, that this cause of action be **DISMISSED** without prejudice for lack of jurisdiction, and that this case be closed.

### I. BACKGROUND

Based on their respective pleadings, the parties agree on the following pertinent facts. On February 8, 2019, Petitioner was allowed to enter the United States at the Rio Grande City Port of Entry. (Dkt. No. 15 at 5). That same day, immigration authorities served Petitioner with a notice to appear, stating that Petitioner is removable for having committed two crimes of moral

turpitude in 2013 and 2014. (*See* Dkt. No. 15-3; Dkt. No. 16 at 9). Petitioner was detained and continues to be detained at the Port Isabel Detention Center.

## II. SUMMARY OF THE PLEADINGS

Petitioner alleges that his continued detention in the Port Isabel Detention Center is a violation of his constitutional rights because Petitioner has been deprived of his substantive due process rights, namely his fundamental right to liberty, to be free from restraint, and to freely move within the United States. (Dkt. No. 15 at 6). He argues that detention is not a narrowly tailored means of achieving a compelling government interest because there are less restrictive methods to ensure that Petitioner attends his immigration court proceedings, such as using an ankle monitor.[1] (*Id.* at 8). Petitioner further asserts that his procedural due process rights have been violated because subject matter jurisdiction is not vested with the immigration court. (*Id.* at 9). Petitioner asks that the Court order his immediate release. (*Id.* at 11).[2]

The government argues that the Court lacks jurisdiction over Petitioner's habeas claim because Petitioner has not yet exhausted his administrative remedies. (Dkt. No. 16 at 14). Detention is required for aliens like Petitioner under 8 U.S.C. § 1226(c); and if Petitioner wishes to seek a bond, he may do so in front of an immigration judge. (*Id.* at 15). The government's argument is well taken. Finally, the government argues that neither Petitioner's substantive due process or procedural due process rights have been violated. (*Id.* at 16-18).

---

[1] At the last status hearing, Petitioner admitted that he has refused to seek a bond because he believes he should not be required to in light of the unconstitutionality of his detention.

[2] Petitioner additionally asks that the Court determine that he was in custody at the time of filing for the purposes of § 2241 jurisdiction. Although Petitioner likely satisfies the in-custody requirement, the undersigned declines to address this issue in detail because the Court is without jurisdiction in any event.

In response, Petitioner argues that he is not required to exhaust administrative remedies because it would be a "patently futile course of action" because the immigration court has no authority to rule on constitutional violations. (Dkt. No. 17 at 9).

### III. JURISDICTION

The undersigned finds that the Court lacks jurisdiction over Petitioner's habeas claim because Petitioner must first exhaust the avenues of relief available to him in immigration court. "A person seeking habeas relief must first exhaust available administrative remedies." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (finding that petitioners must seek relief under the Immigration and Nationality Act, rather than seeking writ of habeas corpus); *Lee v. Gonzales*, 410 F.3d 778, 786 (5th Cir. 2005) ("[A] petitioner must exhaust available avenues of relief and turn to habeas only when no other means of judicial review exists."). Exceptions to the exhaustion requirement exist where the administrative remedies are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa*, 896 F.3d at 314. Petitioner argues that seeking relief in immigration court would be "patently futile" because the immigration court has no authority to rule on constitutional due process violations, and therefore it would be futile to "request his release from detention from an immigration judge." (*Id.* at 9).

Even if the immigration court does not have the independent ability to rule on constitutional issues, this does not mean it lacks the ability to give Petitioner the relief he seeks. Petitioner cannot evade the exhaustion requirement where his grievances have yet to be presented to the immigration court so that they might be corrected. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001) ("When a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy, the petitioner must

raise the issue . . . prior to resorting to review by the courts."). This is also noted in the very authority cited by Petitioner. *See Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1567 (9th Cir. 1994) ("Rashtabadi's allegations of due process violations are exactly the sorts of procedural errors which require exhaustion. Given the opportunity, the BIA could have corrected any of the alleged procedural errors.").

The immigration court has adequate mechanisms to address Petitioner's claims because if Petitioner's arguments are meritorious, the immigration court has the authority to dismiss the case against him and release him from detention (or, in respect to his substantive due process claim, set a bond). In other words, what Petitioner ultimately seeks is his release and were he to successfully challenge his detention in immigration court, that is precisely what he would receive. If the immigration judge or the Board of Immigration Appeals fail to correct the alleged due process violations, Petitioner may then raise those issues before the Fifth Circuit Court of Appeals. "[W]e do not abdicate the responsibility of federal courts to protect constitutional rights. [Petitioner] must merely present his claim to the BIA first." *Goonsuwan*, 252 F.3d at 390 (determining lack of jurisdiction over habeas claim); *see also Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009) ("A remedy is available . . . if (1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim."). A writ of habeas corpus cannot be contorted into a means for avoiding the very administrative proceeding that the law provides for.

For the above reasons, the undersigned concludes that the Court lacks jurisdiction over Petitioner's habeas claim.

## IV. CONCLUSION

### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned recommends that the government's motion to dismiss (Dkt. No. 16) be **GRANTED** and its prior motion to dismiss be **DENIED** as moot (Dkt. No. 9). It is further recommended that the Amended Petition for Writ of Habeas Corpus (Dkt. No. 15) be **DENIED**, that this cause of action be **DISMISSED** without prejudice for lack of jurisdiction, and that this case be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 4th day of March 2019, at McAllen, Texas.

J. SCOTT HACKER
United States Magistrate Judge